# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN  DIVISION

## VOLUNTARY PETITION

**NAME OF DEBTOR**

**Helen J Maxwell**

**NAME of JOINT DEBTOR**

ALL OTHER NAMES  USED BY THE DEBTOR IN THE LAST 8 YEARS (including married, maiden & trade)

ALL OTHER NAMES  USED BY THE JOINT  DEBTOR IN THE LAST 8 YEARS (including married, maiden & trade)

SOC. SECURITY #/TAX I.D. NO (if more than one, state all) IF FALSE OR FRAUDULENT DO NOT SIGN THIS PETITION  & COMMIT PERJURY!!!  (Last 4 digits of Social)

**\*\*\*-\*\*-2490**

SOC. SECURITY #/TAX I.D. NO (if more than one, state all) IF FALSE OR FRAUDULENT DO NOT SIGN THIS PETITION & COMMIT PERJURY!!! (Last 4 digits of Social)

**\*\*\*-\*\*-**

STREET ADDRESS OF DEBTOR

**1922 W. Hood Ave. Apt # 4A**
**Chicago IL 60660**

STREET ADDRESS OF JOINT DEBTOR

**COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS**

**Cook**

**COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS**

**Cook**

MAILING ADDRESS OF DEBTOR

MAILING ADDRESS OF JOINT DEBTOR

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (IF DIFFERENT FROM STREET ADDRESS ABOVE)    *NOT APPLICABLE*

## Information Regarding the Debtor (Check the Applicable Boxes)

| Type of Debtor | Chapter of Bankruptcy Code Used to File | Nature of Business |
|---|---|---|
| **[x] Individual (s)**<br>[ ] Corporation<br>[ ] Partnership<br>[ ] Other_____ | **[] Chapter 7   [ x ] Chapter 13**<br>[] Chapter 9  [] Chapter 11  [] Chapter 12<br>[] Chapter 15 Petition for recognition for a Foreign Main proceeding<br>[] Chapter 15 Petition recognition for Foreign nonmain proceeding | []Railroad   []Clearing Bank  []Stockbroker [ ]Heath Care Business<br>[] Nonprofit Organization qualified under 15 U.S.C. 501(c)(3)<br>[] Single Asset Real Estate as defined in 11 U.S.C 101 (51B) |

**NATURE OF DEBTS** (Check one box)

**[x]    Consumer/Non-Business**        [] Business

**FILING FEE (Check one box)**

**[x] Full Filing Fee Attached**

[ ] Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for court consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b)/ See Official Form No. 3A

[ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for th court's consideration. See Offical Form 3B

CHAPTER 11 BUSINESS (Check all boxes that apply)

[]     Debtor is a small business as defined in 11 U.S.C. Sec 101(51D)

[]     Debtor is not a small business debtor as defined in 11 U.S.C. Sec. 101(51D)

--------------------------------------------------

Check if: [ ] Debtor's aggregate non contingent liquidated debts owed to non-insiders or affliates are less than 2 million.

**STATISTICAL/ADMINISTRATIVE INFORMATION (Estimates Only)**

[  ]  Debtor estimates funds will be available for distribution to unsecured credtiors

**[X]**  Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

## Certification of Debt Counseling by Individual/Joint Debtor

**[ X ]** I/we have received approved budget and credit counseling during the 180-day period preeceding the filing of this petition.

**[  ]** I/we request a waiver of the requirement to obtain budget & credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.)

| | | | |
|---|---|---|---|
| ESTIMATED CREDITORS | [x] | **31** | |
| ESTIMATED ASSETS | [x] | **$ 151,356** | |
| ESTIMATED DEBTS | [x] | **$ 220,159** | |

PFG Record #    **253401**

Voluntary Petition

(This page must be completed and filed in every case)

NAME OF DEBTOR(s)

**Helen J Maxwell**

| I STATE THAT I FILED THE FOLLOWING OTHER BANKRUPTCY CASES WITIIN LAST 8 YEARS  (IF BLANK, THIS IS FIRST IN 8 YRS |
|---|

LOCATION WHERE FILED:         CASE NO.                                DATE FILED

| PENDING BANKRUPTCY CASE FILED BY ANY SPOUSE, PARTNER, OR AFFILIATE OF THE DEBTOR(S) |
|---|

NAME OF DEBTOR:                     CASE NUMBER:                     DATE:

DISTRICT                            RELATIONSHIP:                    JUDGE:

**Exhibit A**   (To be completed only if debtor is required to file periodic reports (e.g.,forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) fo the Securities Exchange Act of 1934 and is requesting relief under chapter 11).

**Exhibit C**   Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?  **NO**

**Signature of Non-Attorney Petition Preparer: Not Applicable**

**Signature of a Foreign Representative of a Recognized Foreign Proceedings: Not Applicable**

**Information Regarding the Debtor - Venue**

**[ X ]**    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceeding the date of this petition or for a longer part of such 180 days than in any other District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**

[ ]   Landlord has a judgment against the debtor for possession of debtor's residence.

# DEBTOR (S) READ ENTIRE PETITION SIGN, AND DATE BELOW.
# ALSO, SIGN ON EVERY OTHER PAGE REQUIRED

I declare under penalty of perjury that the information provided in this petition is true and correct.    I am aware that I may proceed under Chapter 7, 11, 12 or 13 of Title 11, U.S. Code, understand the relief available under each such Chapter and choose to proceed.  I request relief in accordance with the Chapter of Title 11, United States Code, specified in this petition.

Dated:   03/18/2006          /s/ Helen J Maxwell

**Helen J Maxwell**

**X Date & Sign**

/s/ Sharon  Hunt                                           Dated:    03/30/2006

Attorney Name:    Sharon  Hunt          Bar No: 619532

**LAW OFFICES OF PETER FRANCIS GERACI**
**55 E. Monroe Street #3400**
**Chicago IL 60603**
**312.332.1800 (PH) 312.332.6354 (FAX)**

**EXHIBIT B:**  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that (he or she) may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each Chapter.  I futher certify that I delivered to the debtor the notice required by section 342(b) of the Bankruptcy Code.

/s/ Sharon  Hunt                                           Dated:    03/30/2006

Attorney Name:    Sharon  Hunt          Bar No: 619532

PFG Record #    **253401**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell, Debtor**

**Attorney for Debtor: Sharon  Hunt**

## STATEMENT PURSUANT TO RULE 2016(b)

The undersigned, pursuant to Rule 2016(b), Rules of Bankruptcy Procedure, states that:

1. The compensation paid or promised by the Debtor(s), to the undersigned, is as follows:

   For legal services rendered, Debtor(s) agrees to pay **$3,000**
   Prior to the filing of this Statement, Debtor(s) has paid **$3,000**

   **Balance Due** **$0**

2. The Filing Fee has been paid.

3. The Service rendered or to be rendered include the following:

   (a) Analysis of the financial situation, and rendering advice and assistance to the client in determining whether to file
       a petition under Title 11, U.S.C.
   (b) Preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
   (c) Representation of the client at the first meeting of creditors.
   (d) Advice as required.

4. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services
   performed, and none other.

**For ALL SOUTHERN DISTRICT OF INDIANA CHAPTER 13 CASES ONLY!**
**Refer to the attached guidelines for payment of ATTORNEYS' FEES & RIGHTS & RESPONSIBLIITIES STATEMENT**

5. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any,will be from
   earnings, wages and compensation for services performed and none other.

6. The undersigned has received no transfer, assignment or pledge of property from the debtor(s) except the following for the
   value stated:  **None.**

7. The undersigned has not shared or agreed to share with any other entity, other than with members of the undersigned's law
   firm, any compensation paid or to be paid without the client's consent, except as follows:  **None.**

*Respectfully submitted,*

Dated:    03/30/2006

**/s/ Sharon  Hunt**

**Attorney Name:   Sharon  Hunt**                                    **Bar No: 619532**

**LAW OFFICES OF PETER FRANCIS GERACI**
**55 E. Monroe Street #3400**
**Chicago IL 60603**
**312.332.1800 (PH) 312.332.6354 (FAX)**

PFG Record #    **253401**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell, Debtor**

**Attorney for Debtor: Sharon  Hunt**

| SCHEDULE A - REAL PROPERTY |
|:---:|

Except as directed below, list all real property in which the debtor has any legal, equitable, or furture interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column labeled "HWJC".  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schdule G.  If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, wrrite "None" in teh column labeled "Amount of Secured Claim."  If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the amount of any exemption claimed in the property only in Schedule C.

| Description and Location of Property | Nature of Debtor's Interest in Property | H W J C | Current Value of Debtors Interest in Property | Amount of Secured Claim |
|:---:|:---:|:---:|:---:|:---:|
| Co Op: 1922 W. Hood, Chicago IL 60660 | | | $  65,000 | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**TOTAL MARKET VALUE OF  REAL PROPERTY**          **$ 65,000**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell, Debtor**

**Attorney for Debtor: Sharon  Hunt**

---

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories,  place an "x" in the appropriate position in the column labled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.   If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column  labeled "HWJC".  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interest in executory and unexpired leases on this schedule.  List them in Schedule G.
If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  In providing the information in this schedule, do not include the name or address of a minor child.  Simpy state a "minor child."

| Description and Location of Property | H W J C | Current Value of Debtors Interest in Property |
|---|---|---|
| 01. Cash on Hand | [X]  None | |
| 02. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and load, thrift, building and load, and homestead associations or credit unions, brokerage houses, or cooperatives. | | |
| **Savings account with Devon Bank.** **Acct#XXXXX0820** | | $   600 |
| **Checking account with Devon Bank.** **Acct#XXXXXX0806** | | $   200 |
| 03. Security Deposits with public utilities, telephone companies, landlords and others. | [X]  None | |
| 04. Household goods and furnishings, including audio, video, and computer equipment. | | |
| **Household goods; TV, VCR, stereo, computer, sofa, table, chairs, bedroom set, stove, refrigerator, microwave, pots/pans, dishes/flatware** | | $  1,000 |
| **Best Buy - Electronics** | | $   500 |
| 05. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | |
| **Books, Compact Discs, Tapes/Records, Family Pictures** | | $   20 |
| 06. Wearing Apparel | | |
| **Necessary wearing apparel** | | $   300 |
| 07. Furs and jewelry. | [X]  None | |
| 08. Firearms and sports, photographic, and other hobby equipment. | [X]  None | |
| 09. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | | |
| **Whole life insurance with Washington National.** | | $  3,389 |
| **Whole life insurance with Reassurance.** | | $   274 |
| **Whole life insurance with Reassurance.** | | $   141 |
| **Term Life Insurance - No Cash Surrender Value.** | | |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

In re

**Helen J Maxwell, Debtor**

**Attorney for Debtor: Sharon Hunt**

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories,  place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.   If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column  labeled "HWJC".  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interest in executory and unexpired leases on this schedule.  List them in Schedule G.
If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  In providing the information in this schedule, do not include the name or address of a minor child.  Simpy state a "minor child."

| Description and Location of Property | H W J C | Current Value of Debtors Interest in Property |
|---|---|---|
| 10. Annuities | [X] | None |
| 11. Interests in an educational IRA | [X] | None |
| 12. Interest in IRA,ERISA, Keogh, or other pension or profit sharing plans. | | |
| **IRA with Jackson Insurance Company Co.** | | $ 58,137 |
| **Work retirement pension with Nationwide Financial.** | | $ 3,293 |
| **IRA with Citi Tax Shelter.** | | $ 41,791 |
| **IRA with Travelers Annuity.** | | $ 12,615 |
| **IRA with Citi Bank Smith Barney.** | | $ 2,417 |
| 13. Stocks and interests in incorporated and unincorporated businesses. | | |
| **Walt Disney stock; 30 shares worth $22 each.** | | $ 660 |
| **AT&T Stock; 27 shares worth $19 each.** | | $ 513 |
| **Stock with Con Edison; 27 shares worth $46.19 each.** | | $ 2,310 |
| 14. Interest in partnerships or joint ventures. | [X] | None |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | | |
| **23 US EE Savings bonds.** | | $ 3,331 |
| 16. Accounts receivable | [X] | None |
| 17. Alimony, maintenance, support and property settlements to which the debtor is or may be entitled | [X] | None |
| 18. Other liquidated debts owing debtor including tax refunds. | [X] | None |
| 19. Equitable and future interests, life estates, and rights of power exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | [X] | None |
| 20. Contingent and Non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | [X] | None |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counter claims of the debtor, and rights to setoff claims.  Give estimated value of each. | | |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell, Debtor**

**Attorney for Debtor: Sharon  Hunt**

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories,  place an "x" in the appropriate position in the column labled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.   If the debtor is married, state whether husband, wife, or both own the property by placing an "H", "W", "J", or "C" in the column  labeled "HWJC".  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interest in executory and unexpired leases on this schedule.  List them in Schedule G.

If the property in being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  In providing the information in this schedule, do not include the name or address of a minor child.  Simpy state a "minor child."

| Description and Location of Property | H W J C | Current Value of Debtors Interest in Property |
|---|---|---|
| **2005 tax refund** | | $     465 |
| 22. Patents, copyrights and other intellectual property. | [X] | None |
| 23. Licenses, franchises and other general intangibles. | [X] | None |
| 24. Customer list or other compilations | [X] | None |
| 25. Autos, Truck, Trailers and other vehicles and accessories. | | |
| **Ford Motor - 2005 Ford 500 w/44k miles.** | | $  19,400 |
| 26. Boats, motors and accessories. | [X] | None |
| 27. Aircraft and accessories. | [X] | None |
| 28. Machinery, fixtures, equipment, and supplies used in business. | [X] | None |
| 29. Office equipment, furnishings, and supplies. | [X] | None |
| 30. Inventory | [X] | None |
| 31. Animals | [X] | None |
| **Family Pets/Animals: 3 cats** | | |
| 32. Crops-Growing or Harvested. | [X] | None |
| 33. Farming equipment and implements. | [X] | None |
| 34. Farm supplies, chemicals, and feed. | [X] | None |
| 35. Other personal property of any kind not already listed. | [X] | None |
| **TOTAL** | | $ 151,356 |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

**Helen J Maxwell, Debtor**

**Attorney for Debtor: Sharon Hunt**

## SCHEDULE C - PROPERTY CLAIMED EXEMPT

[ ] 11 U.S.C S522(b)(1): Exemptions provided in 11 U.S.C. S522(d). Note: These exemptions are available only in certain states.

[x] 11 U.S.C. S522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as tenant by the entirety or joint tenant to the extent interest is exempt from process under aplicable nonbankruptcy law.

Debtor claims the exemptions to which debtor is entitled under:  (Check one Box)
[ ] 11 U.S.C. § 522(b)(2)        [ ] 11 U.S.C. § 522(b)(3)        [ ] Check if debtor claims a homestead exemption that exceeds $125,000.

| Description and Location of Property | Specify Law Providing Exemption and Value of Claimed | Value of Claimed Exemption | Current Value of Property |
|---|---|---|---|
| 00. Real Property | | | |
| **Co Op: 1922 W. Hood, Chicago IL 60660** | 735 ILCS 5/12-901 | $ 15,000 | $ 65,000 |
| 02. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and load, thrift, building and load, and homestead associations or credit unions, brokerage houses, or cooperatives. | | | |
| **Savings account with Devon Bank. Acct#XXXXX0820** | 735 ILCS 5/12-1001(b) | $ 600 | $ 600 |
| 05. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | | |
| **Books, Compact Discs, Tapes/Records, Family Pictures** | 735 ILCS 5/12-1001(a) | $ 20 | $ 20 |
| 06. Wearing Apparel | | | |
| **Necessary wearing apparel** | 735 ILCS 5/12-1001(a),(e) | $ 300 | $ 300 |
| 09. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | | | |
| **Whole life insurance with Reassurance.** | 735 ILCS 5/12-1001(b) | $ 274 | $ 274 |
| **Whole life insurance with Reassurance.** | 735 ILCS 5/12-1001(b) | $ 141 | $ 141 |
| 12. Interest in IRA,ERISA, Keogh, or other pension or profit sharing plans. | | | |
| **IRA with Jackson Insurance Company Co.** | 735 ILCS 5/12-1006 | $ 58,137 | $ 58,137 |
| **Work retirement pension with Nationwide Financial.** | 735 ILCS 5/12-1006 | $ 3,293 | $ 3,293 |
| **IRA with Citi Tax Shelter.** | 735 ILCS 5/12-1006 | $ 41,791 | $ 41,791 |
| **IRA with Travelers Annuity.** | 735 ILCS 5/12-1006 | $ 12,615 | $ 12,615 |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

**Helen J Maxwell, Debtor**

**Attorney for Debtor: Sharon Hunt**

## SCHEDULE C - PROPERTY CLAIMED EXEMPT

[ ] 11 U.S.C S522(b)(1): Exemptions provided in 11 U.S.C. S522(d). Note: These exemptions are available only in certain states.

[x] 11 U.S.C. S522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as tenant by the entirety or joint tenant to the extent interest is exempt from process under aplicable nonbankruptcy law.

Debtor claims the exemptions to which debtor is entitled under:  (Check one Box)
[ ] 11 U.S.C. § 522(b)(2)      [ ] 11 U.S.C. § 522(b)(3)      [ ] Check if debtor claims a homestead exemption that exceeds $125,000.

| Description and Location of Property | Specify Law Providing Exemption and Value of Claimed | Value of Claimed Expemption | Current Value of Property |
|---|---|---|---|
| *IRA with Citi Bank Smith Barney.* | 735 ILCS 5/12-1006 | $  2,417 | $  2,417 |
| 13. Stocks and interests in incorporated and unincorporated businesses. | | | |
| *Walt Disney stock; 30 shares worth $22 each.* | 735 ILCS 5/12-1001(b) | $   660 | $   660 |
| *AT&T Stock; 27 shares worth $19 each.* | 735 ILCS 5/12-1001(b) | $    15 | $   513 |
| *Stock with Con Edison; 27 shares worth $46.19 each.* | 735 ILCS 5/12-1001(b) | $  2,310 | $  2,310 |
| 25. Autos, Truck, Trailers and other vehicles and accessories. | | | |
| *Ford Motor - 2005 Ford 500 w/44k miles.* | 735 ILCS 5/12-1001(c) | $  2,400 | $  19,400 |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell, Debtor**

**Attorney for Debtor: Sharon  Hunt**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.  List creditors in alphabetical order to the extent practicable.  If a minor child is a creditor, indicate that by stating "a minor child" and do not disclosed  the child's name.  See 11 U.S.C. § 112: Fed. R. Bankr.P.1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the martial community may be liable on each claim by placing "H", "W", "J", or "C" in the column labeled "HWJC".

If the claim is contingent, place an "X" in the column labeled " Contingent".  If the claim is unliquadated, place an "X" in the column labeled " Unliquadated". If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columnns.).

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules.  If a debtor has no creditors holding secured claims to report on this Schedule D "None" will be listed below.

| Creditor Name and Address | Account # Consideration For Claim Dates Claim Was Incurred | Codebtor | C U D | H W J C | Unsecured Amount | Claim Amount |
|---|---|---|---|---|---|---|
| 1 **Best Buy** Attn: Bankruptcy Dept. P.O. Box 17298 Baltimore MD 21297 **Account No.:    7021-2701-0079-9286** | *Dates:* 2005 *Nature of Lien:* Purchase Money Security Intere *Market Value :* $    500 *Intention:* None *\*Description:* **Best Buy - Electronics** | | | | $700 | $    1,200 |
| 2 **Ford Motor Company** Attn: Bankruptcy Dept. P.O. Box 790093 Saint Louis MO 63179 **Account No.:    0000038717153** | *Dates:* 03/2005 *Nature of Lien:* Lien on Vehicle - PMSI *Market Value :* $   19,400 *Intention:* None *\*Description:* **Ford Motor - 2005 Ford 500 w/44k miles.** | | | | $2,831 | $    22,231 |
| | | | | **TOTAL SECURED DEBT** | | **$ 23,431** |

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell, Debtor**

**Attorney for Debtor: Sharon  Hunt**

---

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of  unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account # of any account the debtor has with creditor is useful to the trustee and the creditor and may be provided if  the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child"  don't disclose the child's name. See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet the box labeled "Subtotal" on each sheet. Report the total of all amounts entitled to priority listed on Schedule E in the box labeled "Total" on last sheet of the completed schedule. If applicable, also report this total on the Means Test form

| Creditor Name and Address | Account #<br>Consideration For Claim<br>Dates Claim Was Incurred | Co-Debtor | C U D | H W J C | Claim Amount |
|---|---|---|---|---|---|

[x] **None**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell / Debtor**

**Attorney for Debtor:   Sharon  Hunt**

---

## SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R.Bankr.P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

| Creditor Name and Address | Account #  Consideration For Claim  Dates Claim Was Incurred | | C U D | H W J C | Claim Amount |
|---|---|---|---|---|---|
| 1 **American Express/Optima**  Attn: Bankruptcy Dept.  P.O. Box 297871  Davie FL 33329 | Account No.  Reason:  Dates: | 373754673921004  Credit Card or Credit Use  1994 | | | $ 13,185 |
| 2 **AT&T Universal Card/Citibank**  Attn: Bankruptcy Dept.  8787 Baypine Rd  Jacksonville FL 32256 | Account No.  Reason:  Dates: | 5491-1301-8926-9947  Credit Card or Credit Use  1990 | | | $ 15,896 |
| 3 **Bank of America**  Attn: Bankruptcy Dept.  P.O. Box 1758  Newark NJ 07101 | Account No.  Reason:  Dates: | 4356-2100-0177-2158  Credit Card or Credit Use  1994 | | | $ 10,840 |
| 4 **Bank of America**  Attn: Bankruptcy Dept.  P.O. Box 1758  Newark NJ 07101 | Account No.  Reason:  Dates: | 4888-6070-0040-9145  Credit Card or Credit Use  1997 | | | $ 8,424 |
| 5 **Beneficial National Bank**  Attn: Bankruptcy Dept.  P.O. Box 15518  Wilmington DE 19850 | Account No.  Reason:  Dates: | 169601-010079  Credit Card or Credit Use  2003 | | | $ 1,300 |
| 6 **Capital One**  Attn: Bankruptcy Dept.  P.O. Box 30285  Salt Lake City UT 84130 | Account No.  Reason:  Dates: | 4305-7218-2578-2209  Credit Card or Credit Use  2000 | | | $ 4,000 |
| 7 **Chase**  Attn: Bankruptcy Dept.  P.O. Box 15153  Wilmington DE 19886 | Account No.  Reason:  Dates: | 5184-4500-0357-1423  Credit Card or Credit Use  1994 | | | $ 2,422 |



# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell / Debtor**

**Attorney for Debtor:    Sharon  Hunt**

---

| SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | | | | |
|---|---|---|---|---|

| Creditor Name and Address | Account #<br>Consideration For Claim<br>Dates Claim Was Incurred | C U D | H W J C | Claim Amount |
|---|---|---|---|---|
| 8  **Chase**<br>Attn: Bankruptcy Dept.<br>P.O. Box 15153<br>Wilmington DE 19886 | **Account No.**  4417-1242-2326-4430<br>Reason:    Credit Card or Credit Use<br>Dates:    1998 | | | $  16,067 |
| 9  **Chase**<br>Attn: Bankruptcy Dept.<br>P.O. Box 15157<br>Wilmington DE 19886 | **Account No.**  4266-5130-3172-5008<br>Reason:    Credit Card or Credit Use<br>Dates:    1989 | | | $  6,500 |
| 10  **Chase**<br>Attn: Bankruptcy Dept.<br>P.O. Box 15153<br>Wilmington DE 19886 | **Account No.**  4266-9010-1176-2713<br>Reason:    Credit Card or Credit Use<br>Dates:    2003 | | | $  8,786 |
| 11  **Chase**<br>Attn: Bankruptcy Dept.<br>P.O. Box 15153<br>Wilmington DE 19886 | **Account No.**  5222-7600-1025-0330<br>Reason:    Credit Card or Credit Use<br>Dates:    1999 | | | $  4,644 |
| 12  **Chase**<br>Attn: Bankruptcy Dept.<br>P.O. Box 15153<br>Wilmington DE 19886 | **Account No.**  4266-8499-7946-1994<br>Reason:    Credit Card or Credit Use<br>Dates:    1994 | | | $  20,310 |
| 13  **Chase**<br>Attn: Bankruptcy Dept.<br>P.O. Box 15153<br>Wilmington DE 19886 | **Account No.**  4253-3202-8007-9987<br>Reason:    Credit Card or Credit Use<br>Dates:    1999 | | | $  4,358 |
| 14  **Citi Cards/Sears**<br>Bankruptcy Department<br>PO Box 45129<br>Jacksonville FL 32232 | **Account No.**  5121-0799-5923-8194<br>Reason:    Credit Card or Credit Use<br>Dates:    1999-2005 | | | $  2,500 |
| 15  **Citibank**<br>Attn: Bankruptcy Dept.<br>P.O. Box 6241<br>Sioux Falls SD 57117 | **Account No.**  546616007523<br>Reason:    Credit Card or Credit Use<br>Dates:    2005 | | | $  171 |
| 16  **Citibank**<br>Attn: Bankruptcy Dept.<br>P.O. Box 688919<br>Des Moines IA 50368 | **Account No.**  5424-1801-8197-7007<br>Reason:    Credit Card or Credit Use<br>Dates:    1995 | | | $  13,465 |



## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell / Debtor**

**Attorney for Debtor:   Sharon  Hunt**

| SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | | | | |
|---|---|---|---|---|
| **Creditor Name and Address** | **Account #**<br>**Consideration For Claim**<br>**Dates Claim Was Incurred** | **C U D** | **H W J C** | **Claim Amount** |
| 17 **Citibank**<br>Attn: Bankruptcy Dept.<br>P.O. Box 44167<br>Des Moines IA 50368 | Account No.   5424-1807-3865-6757<br>Reason:        Credit Card or Credit Use<br>Dates:          2002 | | | $ 8,690 |
| 18 **Direct Merchants Bank**<br>Attn: Bankruptcy Dept.<br>P.O. Box 21550<br>Tulsa OK 74121 | Account No.   5458-0005-7602-6112<br>Reason:        Credit Card or Credit Use<br>Dates:          1997 | | | $ 6,538 |
| 19 **Discover**<br>Attn: Bankruptcy Dept.<br>P.O. Box 15192<br>Wilmington DE 19850 | Account No.   6011-0076-5250-2906<br>Reason:        Credit Card or Credit Use<br>Dates:          1986 | | | $ 12,058 |
| 20 **Household Bank**<br>Attn: Bankruptcy Dept.<br>P.O. Box 81622<br>Salinas CA 93912 | Account No.   5176-6900-0630-1860<br>Reason:        Credit Card or Credit Use<br>Dates:          2003 | | | $ 1,720 |
| 21 **Household/GM Card**<br>Attn: Bankruptcy Dept.<br>P.O. Box 37281<br>Baltimore MD 21297 | Account No.   5407-9001-8016-1191<br>Reason:        Credit Card or Credit Use<br>Dates:          1986 | | | $ 8,475 |
| 22 **MBNA**<br>Attn: Bankruptcy Dept.<br>P.O. Box 15288<br>Wilmington DE 19886 | Account No.   4264-2943-2703-4080<br>Reason:        Credit Card or Credit Use<br>Dates:          1994 | | | $ 5,346 |
| 23 **MBNA**<br>Attn: Bankruptcy Dept.<br>P.O. Box 15287<br>Wilmington DE 19886 | Account No.   5490-3534-0655-6018<br>Reason:        Credit Card or Credit Use<br>Dates:          2003 | | | $ 4,131 |
| 24 **MBNA**<br>Attn: Bankruptcy Dept.<br>P.O. Box 15287<br>Wilmington DE 19886 | Account No.   5490-3542-8903-0121<br>Reason:        Credit Card or Credit Use<br>Dates:          1998 | | | $ 4,219 |
| 25 **MBNA**<br>Attn: Bankruptcy Dept.<br>P.O. Box 15289<br>Wilmington DE 19886 | Account No.   5490-9992-6710-4569<br>Reason:        Credit Card or Credit Use<br>Dates:          1993 | | | $ 8,065 |



# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell / Debtor**

**Attorney for Debtor:    Sharon  Hunt**

---

| SCHEDULE F - CREDITORS HOLDING UNSECURED NON-PRIORITY CLAIMS | | | | |
|---|---|---|---|---|
| **Creditor Name and Address** | **Account #**<br>**Consideration For Claim**<br>**Dates Claim Was Incurred** | **C U D** | **H W J C** | **Claim Amount** |
| 26 **MBNA**<br>Attn: Bankruptcy Dept.<br>P.O. Box 15289<br>Wilmington DE 19886 | Account No.    4313-0348-3500-4857<br>Reason:        Credit Card or Credit Use<br>Dates:          1999 | | | $  1,596 |
| 27 **Mobil/MBGA Branch**<br>Attn: Bankruptcy Dept.<br>2004 Bassett Ave<br>El Paso TX 79901 | Account No.    730285350650<br>Reason:        Credit Card or Credit Use<br>Dates:          2001 | | | $      37 |
| 28 **Providian**<br>Attn: Bankruptcy Dept.<br>P.O. Box 9016<br>Pleasanton CA 94566 | Account No.    5418-2750-0271-4692<br>Reason:        Credit Card or Credit Use<br>Dates:          1996 | | | $  2,985 |
| 29 **Rosen Management**<br>Attn: Bankruptcy Dept.<br>6310 North Lincoln Avenue<br>Chicago IL 60659 | Account No.    4A<br>Reason:        Notice Only<br>Dates:          2006 | | | |

**TOTAL UNSECURED DEBT**          **$ 196,728.00**



# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell, Debtor**

**Attorney for Debtor: Sharon  Hunt**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed.R. Bankr. P. 1007(m).

| Name and Address of Other Parties to Instrument | Notes of Contract or Lease and Debtor's Interest |
|---|---|

**[x] None**



# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell, Debtor**

**Attorney for Debtor: Sharon  Hunt**

---

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

| Name and Address of Co-Debtor | Name and Address of the Creditor |
| --- | --- |

**[x] None**

PFG Record #    **253401**    

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell / Debtor**

**Attorney for Debtor: Sharon  Hunt**

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a Chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

**Debtor's Marital Status:  Single**

**Dependent(s)**   None

| EMPLOYMENT:   DEBTOR | EMPLOYMENT:   SPOUSE |
|---|---|
| Occupation: **Medical Office Manager** | None |
| Name of Employer: **Misericordia North** | |
| Years Employed **14 years** | |
| Employer Address: **6300 N. Ridge** | |
| City, State, Zip **Chicago**       IL     **60660** | |

| INCOME AND PAYROLL DEDUCTIONS | | DEBTOR INCOME | SPOUSE INCOME |
|---|---|---|---|
| | Current monthly gross wages, salary, and commissions | $ 3,168.75 | $ 0.00 |
| | Estimated Monthly overtime | $ 0.00 | $ 0.00 |
| | SUBTOTAL | $ 3,168.75 | $ 0.00 |
| | a.  Payroll Taxes & Social Security | $ 666.99 | $ 0.00 |
| | b.  Insurance | $ 90.89 | $ 0.00 |
| | c.  Union Dues | $ 0.00 | $ 0.00 |
| | d.  Pension: | $ 0.00 | $ 0.00 |
| | e.  Voluntary 401 Contributions | $ 0.00 | $ 0.00 |
| | f.  Child Support: | $ 0.00 | $ 0.00 |
| | h.  Other: | $ 0.00 | $ 0.00 |
| | LESS PAYROLL DEDUCTIONS | $ 757.88 | $ 0.00 |
| | TOTAL NET MONTHLY TAKE HOME PAY | $2,410.87 | $0.00 |

**Other Breakdown**

| | |
|---|---|
| Uniform - H | 0.00 |
| Life Ins - H | 0.00 |
| | 0.00 |
| | $ 0.00 |
| Uniform - W | 0.00 |
| Life Ins - W | 0.00 |
| | 0.00 |
| | $ 0.00 |

| | DEBTOR INCOME | SPOUSE INCOME |
|---|---|---|
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 0.00 |
| Income from real property | $ 0.00 | $ 0.00 |
| Interest and dividends | $ 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| Pension or retirement income | $ 0.00 | $ 0.00 |
| Social Security Income | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| Unemployment | $ 0.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | $2,410.87 | $0.00 |
| TOTAL COMBINED MONTHLY INCOME | | $2,410.87 |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell / Debtor**

**Attorney for Debtor: Sharon  Hunt**

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a Chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

**Debtor's Marital Status:  Single**

## EXPECTED FINANCIAL CHANGE & SPECIAL CIRCUMSTANCES

Describe any increase/decrease of more than 10% in any of the above categories anticipated to occur within the year following filing of this document:

I (We) the undersigned debtor(s) herein, declare that the following special circumstances applicable to my (our) financial situation justify an adjustment to my (our) income and expenses as follows:

## Describe Expected Financial Changes

None

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell / Debtor**

**Attorney for Debtor: Sharon  Hunt**

## SCHEDULE J - CURRENT EXPENDITURES

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate

[ ]  Check box if joint pet is filed & debtor's spouse maintains a separate household.  Separate schedule of expenditures labeled "Spouse".

**RENT** (Include Lot Rent for Mobile Home)

| | | | | | |
|---|---|---|---|---|---|
| | | | | Condo Assocation | Rent | $ - |
| **MORTGAGE** | Real Estate taxes included? | [x] Yes | [ ] No | 1st Mortgage | $ - |
| | Property insurance included? | [x] Yes | [ ] No | 2nd Mortgage | $ - |
| | | | | 3rd Mortgage | $ - |
| | | | | Renters and/or Home Owners Insurance | $ - |
| | | | | Not included in mortgage pymts - Real Estate Taxes | $ - |

**UTILITIES & MAINTENANCE**

| | |
|---|---|
| Electricity and Heating Fuel | $ - |
| Telephone | $ 90.00 |
| Internet / Cable | $ - |
| Garbage | $ - |
| Water & Sewer | $ - |
| Home Maintenance, Repairs, Upkeep | $ - |

**NECESSARY LIVING EXPENSES**

| | |
|---|---|
| Food | $ 250.00 |
| Clothing | $ 10.00 |
| Laundry and Dry Cleaning | $ 10.00 |
| Medical and Dental Expenses | $ 35.00 |
| Charitable Contributions | $ - |
| Recreation, Clubs, & Entertainment | $ - |
| Childcare & Babysitting | $ - |
| Life Insurance | $ - |
| Health/Disability Insurance | $ - |

**TRANSPORTATION EXPENSES**

| | |
|---|---|
| Automobile Installment Payments | $ - |
| Monthly Automobile Insurance | $ 95.00 |
| Fuel, Tolls, Parking, Licenses, Plates, Stickers | $ 35.00 |
| Auto Repairs & Upkeep | $ 50.00 |
| Bus and/or Train | $ 10.00 |

**OTHER INSTALLMENT PAYMENTS**

| | |
|---|---|
| Reaffirmation Payments | |
| Reaffirmation Payments | |

**TAXES & SUPPORT PAYMENTS**

| | |
|---|---|
| Federal or State Tax Repayments | $ - |
| Alimony, Maintenance, Child Support | $ - |
| Special Education | $ - |

**BUSINESS / REAL ESTATE and MISC EXPENSES**

| | |
|---|---|
| Business Expenses | $ - |
| Real Estate Expenses | $ - |
| Co-Op Assesment | $ 363.00 |
| | $ - |

**ALL OTHER MISCELLANEOUS EXPENSES**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1. | Haircuts: | $ 19.00 | Eyecare: | $ 20.00 | Femine Hygiene & Care | $ 8.00 | Total Line 1 | $ 47.00 |
| 2. | GSL: | $ - | Tuition, Books | $ - | Postage/Banking | $ - | Total Line 2 | $ - |
| 3. | Violence: | $ - | Pet Care: | $ - | Care Giver: | $ - | Total Line 3 | $ - |
| 4. | RX Meds: | $ - | Energy: | $ - | Newspaper/Magazines | $ - | Total Line 4 | $ - |

| TOTAL MONTHLY EXPENSES | $ 995.00 |
|---|---|

| FOR CHAPTER 12 AND 13 DEBTORS ONLY |
|---|

| | |
|---|---|
| A. Total projected monthly income | $ 2,410.87 |
| B. Total projected monthly expenses | $ 995.00 |
| C. Excess income (A minus B) | $ 1,415.87 |
| D. Total amount to be paid into plan monthly | $ 1,415.00 |

PFG Record #   **253401**

C:\TEMP\{677A55C4-64F1-47A5-BD4A-D94CBDE4B1C1}.rpt

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell / Debtor**

**Attorney for Debtor: Sharon  Hunt**

## SCHEDULE J - CURRENT EXPENDITURES

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  Pro rate any payments
made bi-weekly, quarterly, semi-annually, or annually to show monthly rate

[  ]  Check box if joint pet is filed & debtor's spouse maintains a separate household.  Separate schedule of expenditures labeled "Spouse".

## EXPECTED FINANCIAL CHANGE & SPECIAL CIRCUMSTANCES

Describe any increase/decrease of more than 10% in any of the above categories anticipated to occur within the year
following filing of this document:

I (We) the undersigned debtor(s) herein, declare that the following special circumstances applicable to my (our) financial
situation justify an adjustment to my (our) income and expenses as follows:

## Describe Expected Financial Changes

None

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell,  Debtor**

**Attorney for Debtor: Sharon  Hunt**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor,  partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual 's personal
affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions  1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions  19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is  "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation;  a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor
engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which

| Description and Details |
| --- |

01. INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS: State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.   State also the gross amounts received during the  2 years  immediately preceding this case calendar year. (A debtor that maintains, or has maintained , financial records on the basis of a fiscal rather than calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.   (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

> *Debtor*
> *2006.........: Approx. $3,168/monthly*
> *2005.........: Approx. $37,202*
> *2004.........: Approx. $37,175*
> *Source........: Employment*

Spouse

**[X] NONE**

02. INCOME OTHER THAN FROM EMPLOYMENT OF OPERATION OF BUSINESS: State the amount of income received by the debtor OTHER than from employment, trade, profession, or operation of the debtor's business during the  2 years  immediately preceding the commencement of this case.  Give particulars.   If a joint petition is filed, state income for each spouse separately . (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Spouse

**[X] NONE**

PFG Record #    **253401**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell,  Debtor**

**Attorney for Debtor: Sharon  Hunt**

## STATEMENT OF FINANCIAL AFFAIRS

03. PAYMENTS TO CREDITORS: Complete a. or b. as appropriate, and c.

03a. INDIVIDUAL OR JOINT DEBTOR(S) WITH PRIMARILY CONSUMER DEBTS: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately proceeding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.   (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*Creditor.....: Ford Motor Company*
*Address......: PO BOX 790093, St. Louis, MO 63179*
*Amount Paid..: $492*
*Payment Dates: Monthly Car Payment*
*Amount Owing.: $22,232*

03b. DEBTOR WHOSE DEBTS ARE NOT PRIMARILY CONSUMER DEBTS: List each payment or other transfer to any creditor made with 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,000 (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by each or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**[X] NONE**

03c. ALL DEBTORS: List all payments made within 1 year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.   (Married debtors filing under chapter 12 or chapter 13 must include payments be either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**[X] NONE**

04. SUITS AND ADMINISTRATIVE PROCEEDINGS, EXECUTIONS, GARNISHMENTS AND ATTACHMENTS: List all lawsuits & administrative proceedings to which the debtor is or was a party within 1 year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**[X] NONE**

04b. WAGES OR ACCOUNTS GARNISHED: Describe all property that has been attached, garnished or seized under any legal or equitable process within 1 year preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**[X] NONE**

05. REPOSSESSION, FORECLOSURES AND RETURNS: List all property that has been repossessed, sold at foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within 1 year immediately preceding the commencement of this case.   (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**[X] NONE**

06. ASSIGNMENTS AND RECEIVERSHIPS: Describe any assignment of property for benefit of creditors made within 120 days immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**[X] NONE**

06b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within 1 year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**[X] NONE**

07. GIFTS: List all gifts or charitable contributions you made within 1 year immediately preceding the commencement of this case except ordinary & usual gifts or family members less than $200 in value per individual family member & charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**[X] NONE**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell,  Debtor**

**Attorney for Debtor: Sharon  Hunt**

## STATEMENT OF FINANCIAL AFFAIRS

08. LOSSES: List all losses from fire theft, other casualty or gambling with 1 year immediately preceding of this case OR SINCE THE COMMENCEMENT OF THIS CASE.   (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

[X] NONE

09. PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY: List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within 1 year immediately preceding the commencement of this case.

> *Payee................: Law Offices of Peter Francis Geraci*
> *Address............: 55 East Monroe Street*
> *Address2........: Suite 3400*
> *Address3........: Chicago          IL 60603*
> *Date of Payment.:  /*
> *Payor...............: Debtor*
> *Payment/Value......:    $3,000*
> *Payee.....: MMI/CCCS*
> *Address...: 9009 W. Loop S.*
> *Address2..: Houston, TX 77096*
> *DatePay...: 2006*
> *Payor.....: Debtor*
> *Paymt.....: $50*
> *Phone.....: 866.983.2227*

In addition to Peter Francis Geraci and his employees of his firm, I hired, at no additional fee, attorneys listed on my contract of representation to work on my case.

[X] NONE

10a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor , transferred either absolutely or as security with 2 years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

[X] NONE

10b. List all property transferred by the debtor within 10 years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

[X] NONE

11. List all financial accounts and instruments held in the name of the debtor which were closed,  sold, or otherwise transferred within 1 year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates or deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associates, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

> *Institution....: Chase Bank*
> *Address.........: Davis Street, Evanston, IL*
> *Type of Account: Safe Deposit box*
> *Date of Closing: 02/2006*
> *Institution....: Credit member Union*
> *Address........:*
> *Type of Account: Savings*
> *Account No.....: XXXX0152*
> *Final Balance..: $2,197*
> *Date of Closing: 3/06/06*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell,  Debtor**

**Attorney for Debtor: Sharon  Hunt**

## STATEMENT OF FINANCIAL AFFAIRS

11. List all financial accounts and instruments held in the name of the debtor which were closed,  sold, or otherwise transferred within 1 year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates or deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associates, brokerage houses and other financial institutions.   (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

> *Institution....: Washington Mutual*
> *Address........:*
> *Type of Account: Checking*
> *Account No.....: XXXX0152*
> *Final Balance..: $1,243*
> *Date of Closing: 3/13/06*
> *Institution....: Washington Mutual*
> *Address........:*
> *Type of Account: Savings*
> *Account No.....: XXXX0152*
> *Final Balance..: $75*
> *Date of Closing: 3/13/06*

12. List each safe deposit box or other box or depository in which the debtor has or had securities, cash or other valuables within  1 year immediately preceding the commencement of this case.  (Married debtors filing under chapter  12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**[X] NONE**

13. LIST ALL SETOFFS made by any creditor, including a bank, against a debt or deposit of the debtor within  90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**[X] NONE**

14. LIST ALL PROPERTY owned by another person that the debtor holds or controls.  (Including but not limited to:  minor's accounts, vehicle in your name that is really someone else's, accounts or property or items you are on title to or in possession of.)

**[X] NONE**

15a.  INDIVIDUAL DEBTOR(S):   If the debtor has moved within 3 years immediately preceding the commencement on this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed , report also any separate address of either spouse.

**[X] NONE**

15b.  ALL OTHER DEBTORS:  If the debtor has moved within 2 years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to commencement of this case.  If a joint petition is filed,  report also any separate address of either spouse.

**[X] NONE**

16.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within 8 years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**[X] NONE**

17.  ENVIRONMENTAL  INFORMATION  For  the  purpose of this question, the following definitions apply: "Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil surface water, ground water, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of the these substances, wastes, or material.
"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites."Hazardous material" means anything defined as a hazardous waste , hazardous or toxic substances, pollutant, or contaminant, etc. under environmental Law.

**[X] NONE**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell,  Debtor**

**Attorney for Debtor: Sharon  Hunt**

## STATEMENT OF FINANCIAL AFFAIRS

17a. List the name and address of every site for the which the debtor has recevied noticve in writing by a governmental unit that it may be liable or potentially liable under or in violation of on Enviromental Law.  Indicate the governmental unit, the date of the notice,  and, if known, the Environmental law:

**[X] NONE**

17b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material.  Indicate the governmental unit to which the notice was sent and the date of the notice.

**[X] NONE**

17c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name name & address of governmental unit that is or was a party to the proceeding, &  docket number.

**[X] NONE**

18a. If the debtor is an individual, list the names, addresses, taxpayer ID#s, nature of businesses, and beginning & ending dates of all businesses in which the debtor was an officer, director, partner, or managing officer of a corporation, partner in a partnership, sole-proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within 6 years immediately preceding the commencement of this case, or in which the debtor owned 5% or more of the voting or equity securities within 6 years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer ID#s, nature of businesses, and beginning & ending dates of all businesses in which the debtor was a partner or owned 5% or more of the voting or equity securities within 6 years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer ID#s, nature of businesses, and beginning & ending dates of all businesses in which the debtor was a partner or owned 5% or more of the voting or equity securities within 6 years immediately preceding the commencement of this case.

**[X] NONE**

b.  Identify any business listed in subdivision a., above, that is "single asset real estate" as defined in 11 USC 101.

**[X] NONE**

19a.   List all bookkeepers and accountants who within the last 2 years immediately preceding the filing of this bankruptcy kept or supervised the keeping of books of account and records of the debtor.

**[X] NONE**

19b. List all firms or individuals who within  2 years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

**[X] NONE**

19c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books or records are not available, explain.

**[X] NONE**

19d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within the last 2 years immediately preceding the commencement of this case.

**[X] NONE**

20. INVENTORIES
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

**[X] NONE**

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

**[X] NONE**

21a. If the debtor is a partnership, list nature and percentage of interest of each member of the partnership.

**[X] NONE**

20b. If the debtor is a corporation, list all officers & directors of the corporation; and each stockholder who directly or indirectly owns, controls, or holds 5% or more of the voting or equity securities of the corporation.

**[X] NONE**

PFG Record #   **253401**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell,  Debtor**

**Attorney for Debtor: Sharon  Hunt**

---

## STATEMENT OF FINANCIAL AFFAIRS

22a. If the debtor is a partnership, list each member who withdrew from the partnership within 1 year immediately preceding the commencement of this case.

**[X] NONE**

22b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within 1 year immediately preceding the commencement of this case.

**[X] NONE**

23. IF THE DEBTOR IS A PARTNERSHIP OR CORPORATION, list withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during 1 year immediately preceding the commencement of this case.

**[X] NONE**

24. IF THE DEBTOR IS A CORPORATION, list the name and federal taxpayer ID# of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within 6 years immediately preceding the commencement of this case.

**[X] NONE**

25. If the debtor is not an individual, list name & federal taxpayer ID# of any pension fund to which debtor, as an employer, has been responsible for contributing at any time within 6 years immediately preceding the commencement of the case.

**[X] NONE**

---

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated:    03/18/2006        /s/ Helen J Maxwell

Helen J Maxwell

**X Date & Sign**

---

* Joint debtors must provide information for both spouses.  Penalty for making a false statement or concealing property:
Fine up to $500,000 or up to 5 years imprisonment or both.  18 U.S.C. 152 and 3571.

PFG Record #    **253401**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell / Debtor**

**Attorney for Debtor: Sharon  Hunt**

## STATEMENT OF INTENTION

1. Debtor(s) have filed a schedule of assets/liabilities including consumer debts secured by property of the estate.
2. Debtor(s) intention with respects to their property of the estate which secures those consumer debts is as follows:
3. Debtor(s) understand that 521(2)(B) of the Bankruptcy Code requires that the below stated intentions must be performed within 45 days of filing.

| Description of Property | Creditor's Name | Intention |
|---|---|---|
| **PROPERTY TO BE RETAINED** | | |

**[x] None**

*524(c):    Debt will be reaffirmed pursuant to Sec. 524(c)
*722:    Property is claimed as exempt and will be redeemed pursuant to Sec. 722

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated:    03/18/2006        /s/ Helen J Maxwell        **X Date & Sign**

Helen J Maxwell

* Joint debtors must provide information for both spouses.  Penalty for making a false statement or concealing property:
Fine up to $500,000 or up to 5 years imprisonment or both.  18 U.S.C. 152 and 3571.

PFG Record #    **253401**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell , Debtor**

**Attorney for Debtor: Sharon  Hunt**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, C, D, E, F, I and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached YES \| NO | Pages | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | Assets | Liabilities | Other |
| SCHEDULE A - Real Property | Yes | 1 | | | |
| SCHEDULE B - Personal Property | Yes | 1+ | $151,356 | | |
| SCHEDULE C - Exempt | Yes | 1+ | | | |
| SCHEDULE D - Secured | Yes | 1+ | | $23,431 | |
| SCHEDULE E - UnSecured Priority | Yes | 1 | | | |
| SCHEDULE F - UnSecured NonPriority | Yes | 1+ | | $196,728 | |
| SCHEDULE G - Executory Contracts | Yes | 1+ | | | |
| SCHEDULE H - CoDebtors | Yes | 1+ | | | |
| SCHEDULE I - Income | Yes | 1+ | | | $2,411 |
| SCHEDULE J - Expenditures | Yes | 1+ | | | $995 |

**$ 151,356**

**TOTAL ASSETS**

**$ 220,159**

**TOTAL LIABILITIES**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

In re

**Helen J Maxwell Debtor**

**Attorney for Debtor: Sharon Hunt**

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, and that they are true and correct to the best of my knowledge, information and belief.  I have disclosed on the foregoing schedules all property or assets I may have an interest in, the correct value of it, and every debt I may be liable for.  I accept the risk that some debts won't be discharged.  I have been advised of the difference between Chapter 7 and Chapter 13, income & expense concepts, budgeting, and have made full disclosure.

Debtor's attorney has advised debtor that creditors can object to discharge of their debt on a variety of grounds includiung fraud, recent credit usage, divorce and support obligations and reckless conduct.

Debtor's attorney has advised debor that non-dischargeable debts such as taxes, student loans, fines by govenment units and liens on property of debtor are generally unaffected by bankruptcy.

### I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Dated:   03/18/2006   /s/ Helen J Maxwell

Helen J Maxwell

**X Date & Sign**

**\* Joint debtors must provide information for both spouses.  Penalty for making a false statement or concealing property:
Fine up to $500,000 or up to 5 years imprisonment or both.  18 U.S.C. 152 and 3571.**

PFG Record #   **253401**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell / Debtor**

**Attorney for Debtor: Sharon  Hunt**

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated:    03/18/2006      /s/ Helen J Maxwell

**X Date & Sign**

**Helen J Maxwell**

* Joint debtors must provide information for both spouses.  Penalty for making a false statement or concealing property:
Fine up to $500,000 or up to 5 years imprisonment or both.  18 U.S.C. 152 and 3571.

PFG Record #    **253401**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Helen J Maxwell Debtor**

**Attorney for Debtor: Sharon  Hunt**

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR(S)

In accordance with § 342(b) of the Bankruptcy Code, this notice:  (1)  Describes briefly the services available from credit counseling services;  (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.  You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

**1.  Services Available from Credit Counseling Agencies**

    **With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.**  The briefing must be given within 180 days **before** bankruptcy filing.  Briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) must be provided by nonprofit budget & credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

    **In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

**Chapter 7:  Liquidation ($220 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $274)**

    1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

    2. Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

    3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts.  If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

    4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Chapter 13:  Repayment of All or Part of Debts of an Individual with Regular Income ($150 filing fee, $39 administrative fee: Total  $189)**

    1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in instalments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

    2. Under chapter 13, you must file with the court  a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

    3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

    Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

    Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family farm or fishing operation.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

    A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

**I (We), the debtor(s), affirm that I (we) have received and read this notice.**

Dated:   03/18/2006

**/s/ Helen J Maxwell**

                                             **Helen J Maxwell**

**X Date & Sign**

Dated:   03/30/2006

**/s/ Sharon  Hunt**

**Attorney: Sharon  Hunt**                    **Bar No: 619532**